# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:13cv397

| | |
|---|---|
| WANDA MORGAN, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND** |
| CAROLYN W. COLVIN, ) | **RECOMMENDATION** |
| Acting Commissioner of Social Security, ) | |
| ) | |
|     Defendant. ) | |
| _____ ) | |

Pending before the Court is the Motion to Dismiss [# 11]. The Commissioner moves to dismiss this case for failure to prosecute. Upon a review of the record and the relevant legal authority, the Court **RECOMMENDS** that the District Court **GRANT** the motion [# 11] and **DISMISS** this case without prejudice for failure to prosecute.

## I.    Background

Plaintiff filed an application for disability benefits and an application for supplemental security income in July of 2010. (Transcript of Administrative Record ("T.") 10, 196-212.) Plaintiff alleged that she became disabled beginning July 5, 2010. (T. 10, 196, 202.) The Social Security Administration denied Plaintiff's claim, finding that she was not disabled. (T. 112-16.) Plaintiff

-1-

requested reconsideration of the decision, which was also denied. (T. 128-45.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 23-44.) The ALJ then issued a decision finding that Plaintiff was not disabled. (T. 10-17.) Subsequently, the Appeals Council denied Plaintiff's request for review of the decision. (T. 1-3.)

Plaintiff then brought this action *pro se* on July 8, 2013, seeking review of the Commissioner's decision. Plaintiff also filed a motion to proceed in *in forma pauperis*, which the District Court granted on July 10, 2013. (Order, Jul. 10, 2013.) The Commissioner filed her Answer to the Complaint on September 17, 2013, and the District Court entered a Social Security Scheduling Order. (Order, Sept. 18, 2013.) Plaintiff was served with a copy of the District Court's Scheduling Order by mail. (Id.) The Scheduling Order directed Plaintiff to file her Motion for Summary Judgment by November 18, 2013. (Id.) Plaintiff, however, failed to comply with the District Court's Order and file her Motion for Summary Judgment. In fact, Plaintiff has taken no action in this case since filing her Complaint and Motion to proceed *in forma pauperis* on July 8, 2013.

As a result of Plaintiff's inactivity in this case, the Commissioner moved to dismiss the Complaint for lack of prosecution pursuant to Rule 41 of the Federal Rules of Civil Procedure. On January 2, 2014, the Court directed Plaintiff to show

cause in writing by January 22, 2014, why the Court should not dismiss this case without prejudice for failure to prosecute and failure to comply with the District Court's Scheduling Order. (Order, Jan. 2, 2014.) As the Court explained, "[t]he failure to file a timely response to the Order will result in the Court recommending that the District Court dismiss without prejudice this action." (Id.) Plaintiff did not respond to the Court's Show Cause Order. As a result, over six months have passed since Plaintiff took any action in this matter.

## II. Analysis

Rule 41 allows for the involuntary dismissal of an action where a plaintiff fails to comply with a court order or fails to prosecute his or her case. Fed. R. Civ. P. 41(b). Specifically, the rule provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). The Court also has the inherent power to dismiss an action on its own for failure to prosecute. Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S. Ct. 1386 (1962). In determining whether to dismiss a case for failure to prosecute, the Court must consider: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence

of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." Taylor v. Huffman, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished); see also Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989); Tinsley v. Quick & Reilly, Inc., 216 F.R.D. 337, 338 (E.D. Va. 2001); Kistner v. Harris, Civil Action No. 3:11cv663, 2012 WL 4343464, at *2 (E.D. Va. Sept. 21, 2012) (unpublished).

The Court finds that the dismissal of this action without prejudice is warranted in this case. Over six months have transpired since Plaintiff last filed anything in this case. Plaintiff's Motion for Summary Judgment was due over two months ago. In fact, Plaintiff has taken no action in these proceedings since filing her Complaint and Motion to Proceed *in forma pauperis* on July 8, 2013. Plaintiff alone bears the burden of prosecuting her case and complying with the Court's Orders. Plaintiff, however, has failed to file a summary judgment motion as directed by the Court, failed to respond to the Commissioner's Motion to Dismiss, and failed to respond to the Court's Show Cause Order despite the fact that the

Show Cause Order specifically warned Plaintiff that the failure to file a timely response would result in the dismissal of this action.

As a result of Plaintiff's failure to file a summary judgment motion or to prosecute this case, the Commissioner has also been unable to move for summary judgment to address the merits of Plaintiff's claims. Moreover, a dismissal without prejudice is warranted in this case as the Court specifically instructed Plaintiff that it would dismiss this case without prejudice if she failed to respond to the Court's Show Cause Order. Finally, the Court notes that other courts in this Circuit routinely dismiss cases under similar circumstances. See e.g., Davis v. Colvin, No. 3:12cv855, 2013 WL 4051349 (W.D.N.C. Aug. 12, 2013) (Cogburn, J.); Buck v. Colvin, Civil No. 3:13-cv-450-JAG, 2014 WL 31438 (E.D. Va. Jan. 3, 2014); Trussell v. Comm'r Soc. Sec., No. 3:13cv47, 2013 WL 6979745 (E.D. Va. Dec. 13, 2013); Short v. Colvin, Civil Action No. 5:10-cv-01078 (S.D. W. Va. Dec. 6, 2013); Pesce v. Colvin, No. 1:12cv486, 2013 WL 2420391 (M.D.N.C. Jun. 3, 2013). Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 11] and **DISMISS without prejudice** this action for failure to prosecute.

### III. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Motion to

Dismiss [# 11] and **DISMISS without prejudice** this action for failure to prosecute.

Signed: January 28, 2014

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).